1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH SANZ, | No. 2:24-cv-00630 SCR P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY SHERIFF OFFICE, et al., | |
| Defendants. | |

Plaintiff is a county prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's complaint for screening (ECF No. 1) and motion to proceed in forma pauperis (ECF No. 2).

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.   Plaintiff is permitted to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly

///

1

payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.    Factual Allegations**

Plaintiff's complaint alleges First Amendment mail access violations against three defendants: (1) the Solano County Sheriff's Office; (2) Lt. A. Hagen, Facility Commander at the Solano County Justice Center; and (3) the Solano County Justice Center.  (ECF No. 1 at 2.) Plaintiff alleges that defendants Solano County Sheriff's Office and Lt. Hagen use a third-party mail screening service called Pigeonly that operates from Las Vegas.  (ECF No. 1 at 3.)  All mail must be sent through Pigeonly where prisoner mail, letters, and photos are scanned.  Prisoners then receive photocopies instead of the originals.  (Id.)  Plaintiff's mail is returned to sender and then re-sent through Las Vegas where it is then copied/photocopied and sent to plaintiff.  (Id.) This process can take close to a month and the original letters and photos are "left with Pigeonly to be destroyed."  (Id.) Plaintiff alleges defendants' use of Pigeonly is unnecessary because the Sheriff's Office has K-9 officers on duty who can search the mail.  (ECF No. 1 at 3.)

Plaintiff also raises claims regarding his grievances.  He alleges that defendant Lt. A. Hagen erroneously sent his grievance back with a statement that his second-level appeal did not exhaust administrative remedies.  (ECF No. 1 at 4.)  Lt. Hagen later corrected the grievance after plaintiff directed his grievance to Sgt. Thomas Ferrara.  Plaintiff claims defendant Hagen's actions prolonged his ability to reach a resolution and exhaust his administrative remedies.  (Id.)

Plaintiff attached to the complaint his grievance dated February 8, 2024, which alleges the county's use of Pigeonly violates his First Amendment rights."  (ECF No. 1 at 13.)  Plaintiff also attached what appears to be his second-level appeal (id. at 12) dated February 10, 2024, and Lt. Hagen's denial of that appeal dated February 15, 2024 (id. at 11).  Lt. Hagen response concurred with the first-level denial handed down by Sergeant Dockery on February 9, 2024:

> The First Amendment entitles prisoners to receive and send mail, however that right is subject to the institutions [sic] need to protect security. The Pigeonly system does not stop you from sending or receiving mail, it is designed to screen out any incoming contrabands of the facility, in particular to screen out controlled substances which are a significant safety and security concern.

2

(Id. at 11.)

As relief, plaintiff is "seeking that the Sheriff Office of Solano [County] stops the use of the mail screening service Pigeonly and $500 for each letter (3) that has been photocopied and the original destroyed." (ECF No. 1 at 6.) Plaintiff attached notices of rejection for the letters that state the mail was returned to sender in part because "[a]ll mail must go through Pigeonly." (Id. at 7-9.)

II.     **Legal Standards**

    A.  **Statutory Screening**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true,

///

3

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### B.  42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.  Municipalities are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation.  Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered."  AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted).  Plaintiff must also show that the policy or custom of the government "reflects deliberate indifference to the constitutional rights of its inhabitants."  Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (quotation marks and citation omitted).  Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'"  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002) (quotation omitted)).

## DISCUSSION

**I.      Defendant Solano County Sheriff's Office**

Plaintiff alleges that defendant Solano County Sheriff's Office's use of Pigeonly as a third-party mail screening service violates his First Amendment right to mail access.  (ECF No. 1 at 3.)  Under the First Amendment, prisoners have a right to send and receive mail.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights if the regulations are "reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S. 78, 89 (1987).

Prison regulations concerning incoming mail must be reviewed under the test articulated by the Supreme Court in Turner.  See Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (distinguishing judicial tests for incoming and outgoing prison mail).  Under Turner, courts apply four factors to determine the "reasonableness" of the prison rule at issue: (1) whether there is a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) what "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether there is an "absence of ready alternatives."  Turner, 482 U.S. at 89–91.

Here, the complaint and its exhibits show that defendant uses Pigeonly for the legitimate purpose of preventing controlled substances and other contraband from entering the jail.  However, plaintiff adequately alleges that Pigeonly has unreasonably burdened his First Amendment right by delaying his mail for close to a month, delivering only copies of original photos and letters, and leaving the original photos and letters to be destroyed.  Plaintiff also identifies an alternative (i.e., K-9 officers) available to defendants that would have a lesser impact on his First Amendment rights.  Further, plaintiff has satisfied Monell by identifying defendant's policy of using Pigeonly to screen incoming mail as the moving force behind his injury.

On a full record, the Turner analysis may ultimately favor defendants.  But for screening purposes, the undersigned finds that plaintiff has stated a cognizable First Amendment mail

5

access claim against defendant Solano County Sheriff's Office.  See Morton v. Clark Cnty. Det. Ctr., No. 2:23-cv-0818 JAD DJA, 2024 WL 5381498, at *4 (D. Nev. July 31, 2024) (screening in First Amendment claim against municipal defendant where the "manner in which Pigeonly operates puts an undue burden on [plaintiff's] First Amendment rights, and that there are alternative methods to prevent contraband from entering the prison").

### II. Defendant Lt. Hagen

#### A. First Amendment Claims Relating to Pigeonly

Plaintiff also names defendant Lt. Hagen in his First Amendment mail access claim. (ECF No. 1 at 3.)  Plaintiff, however, does not state whether he is suing Lt. Hagen in his official or individual capacity.  Because plaintiff is proceeding pro se, the court will screen the claim under both capacities.  See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("where the petitioner is *pro se,* particularly in civil rights cases, [courts should] construe the pleadings liberally and ... afford the petitioner the benefit of any doubt." (citations omitted).)

The official capacity analysis in straightforward.  Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell, 436 U.S. at 690 n.55).  Therefore, for the same reasons laid out above pertaining to the liability of the Solano County Sheriff's Office, plaintiff has stated a cognizable First Amendment claim against defendant Lt. Hagen in his official capacity.

But to attribute individual capacity liability to Lt. Hagen, § 1983 requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell, 436 U.S. at 694; Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).  The Ninth Circuit has held that "[a] person 'subjects' another to the

6

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

The undersigned finds that plaintiff's complaint does not adequately link Lt. Hagen to the alleged First Amendment violation. Plaintiff alleges generally that Lt. Hagen "uses" Pigeonly in his capacity as the Facility Commander (see ECF No. 1 at 3) but does not otherwise plead Hagen's personal involvement in his mail access issues. Plaintiff did attach an exhibit showing that Lt. Hagen denied his second-level appeal (id. at 11), but that fact alone is insufficient to establish Lt. Hagen's participation in the deprivation of plaintiff's First Amendment right. See Revis v. Syerson, No. 2:12-cv-2751 MCE EFB, 2015 WL 641629, at *5 (E.D. Cal. Feb. 12, 2015), subsequently aff'd sub nom. Revis v. Roche, 659 F. App'x 453 (9th Cir. 2016) ("[Defendant's] signing of the Second Level Response is insufficient personal participation"); Hernandez v. Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013) ("Plaintiff cannot state a section 1983 claim based solely on [defendants'] role in the inmate appeals process." (citations omitted)).

Accordingly, the undersigned finds that plaintiff has stated a cognizable First Amendment claim against defendant Lt. Hagen in his official capacity only.

**B. Claim Relating to Handling of Plaintiff's Grievances**

To the extent plaintiff contends Lt. Hagen's delays in processing his grievances violated his constitutional rights, that contention does not state a claim under § 1983. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Nor does federal law require officials to process inmate grievances on a specific timeline. See Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to

state a cognizable claim under the Fourteenth Amendment). Accordingly, the undersigned finds that plaintiff has failed to state a cognizable First Amendment claim against defendant Lt. Hagen regarding his handling of plaintiff's grievances.

### III.     Defendant Solano County Justice Center

Finally, plaintiff fails to state a claim against defendant Solano County Justice Center. Jail and prison facilities are not "persons" under § 1983. Allison v. Cal. Adult Auth., 419 F.2d 822, 822-23 (9th Cir. 1969) (holding that a state prison is not a person under § 1983); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

## OPTIONS FROM WHICH PLAINTIFF MUST CHOOSE

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds plaintiff has stated a valid claim for relief under the First Amendment against defendants Solano County Sheriff's Office and Lt. A. Hagen in his official capacity regarding their use of the Pigeonly mail screening service. However, the allegations in the complaint are not sufficient to state a claim for relief against defendant Hagen in his individual capacity; plaintiff failed to allege Hagen's personal participation in the violations of his mail access rights, and Hagen's handling of plaintiff's grievances is not actionable under § 1983. Finally, because jails are not proper defendants under § 1983, plaintiff failed to state a claim against the Solano County Justice Center.

It appears to the court that plaintiff may be able to allege facts to fix the problems regarding Hagen's personal participation in the alleged First Amendment mail access violation only. Therefore, plaintiff has the option of filing an amended complaint. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**Option No. 1:** The first option available to plaintiff is to proceed immediately against defendant Solano County Sheriff's Office and Lt. Hagen in his official capacity on the First Amendment Claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss his individual capacity claims against defendant Hagen and defendant Solano County Justice Center.

///

1  The court will proceed to immediately serve the complaint and order a response from defendants
2  Solano County Sheriff's Office and Lt. Hagen.
3  **Option No. 2:** The second option available to plaintiff is to file an amended complaint to
4  fix the problems described above against defendant Hagen in his individual capacity.  If plaintiff
5  chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file
6  an amended complaint.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint states a cognizable First Amendment mail access claim against defendants Solano County Sheriff's Office and Lt. A. Hagen in his official capacity, but no other cognizable claims.   Plaintiff has the option to proceed immediately on this claim or to file an amended complaint.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

///
///
///
///
///
///
///
///

5. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of his individual capacity claims against defendant Hagen and defendant Solano County Justice Center.

DATED: March 31, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL JOSEPH SANZ, | No. 2:24-cv-00630 SCR P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| SOLANO COUNTY SHERIFF OFFICE, et al.,, | |
| Defendants. | |

**Check one:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First Amendment claim against defendant Solano County Sheriff's Office and Lt. A. Hagen in his official capacity without amending the complaint. Plaintiff understands that by choosing this option, the remaining claims against defendant Hagen in his individual capacity and defendant Solano County Justice Center will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:_____     _____
                                      Michael Joseph Sanz,
                                      Plaintiff pro se

11