UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH SANZ, | No. 2:24-cv-00630 SCR P |
| Plaintiff, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| SOLANO COUNTY SHERIFF OFFICE, et al., | |
| Defendants. | |

Plaintiff, who was formerly incarcerated in county jail, is proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. On March 31, 2025, the undersigned screened plaintiff's complaint and determined it stated cognizable First Amendment mail access claims against defendants Solano County Sheriff's Office and Lt. Hagen in his official capacity. (ECF No. 6.) Plaintiff later elected to proceed on his complaint as screened. (ECF No. 10.)

On June 3, 2025, the undersigned ordered plaintiff to complete and return the documents needed to effect service on defendants. (ECF No. 11.) After plaintiff did not respond, the undersigned ordered plaintiff to show cause, in writing, within twenty-one days, why the failure to return the service documents should not result in a recommendation that this case be dismissed based on failure to prosecute under Federal Rule of Civil Procedure Rule 41(b). (ECF No. 14.) The order also advised plaintiff that his failure to respond would result in the recommendation

1

1  that the action be dismissed without prejudice for failure to prosecute. (Id.)

2  The time for plaintiff to respond to that order has now passed, and plaintiff has not
returned the service documents. The service documents have not been returned by the U.S. Postal
Service[1] and plaintiff has not filed an updated address. Accordingly, the undersigned
recommends that the action be dismissed for failure to prosecute and failure to comply with a
court order. See Fed. R. Civ. P. 41(b); Local Rule 110.

In recommending dismissal, the court has considered: "(1) the public's interest in
expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
(5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th
Cir. 1992) (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal."
Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its
docket also weighs in favor of dismissal, particularly given the heavy caseload in this District.
The third factor is neutral given no defendants have appeared, but "[u]nnecessary delay inherently
increases the risk that witnesses' memories will fade and evidence will become stale."
Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The public policy favoring disposition
of actions on the merits weighs against dismissal, but when "standing alone … is not sufficient to
outweigh the other four factors." Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir. 2006).
The undersigned has also considered less drastic alternatives and concludes that dismissal without
prejudice is appropriate.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly
assign a District Judge to this action.

In addition, IT IS HEREBY RECOMMENDED that the action be dismissed for failure to

---

[1] The screening order was returned by mail, which prompted the undersigned to issue an earlier order to show cause pursuant to the address notification requirements in Local Rule 183(b). (ECF No. 9.) The undersigned discharged that order to show cause after plaintiff responded with an updated address and his notice of election. (ECF No. 11.)

2

prosecute and failure to comply with a court order. See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE